UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN A RICHARDSON, III,<br><br>                Plaintiff,<br><br>    v.<br><br>MARGARET GILBERT,<br><br>                Defendants. | Case No. 3:19-cv-05525-BHS-TLF<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL AND RE-NOTING MOTION FOR SUMMARY JUDGMENT |

Plaintiff is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Presently before the Court is defendants' motion for summary judgment and plaintiff's motion to appoint counsel. Dkts. 25, 30.

The plaintiff has no constitutional right to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved", to make an assessment whether exceptional circumstances

show that counsel should be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff's motion states only that he is requesting court appointed counsel but fails to set forth any facts indicating a likelihood of success on the merits or that he is unable to articulate his claims pro se in light of the complexity of the legal issues involved. Dkt. 30.

Plaintiff states in his motions that he does not have the resources to pay for an attorney. Dkt. 30. The inability to obtain counsel due to cost or lack of availability, however, does not constitute an exceptional circumstance that necessarily requires the appointment of counsel.

Plaintiff asserts his imprisonment as well his limited legal knowledge, and limited access to the law library[1], will greatly limit his ability to litigate. Dkt. 30. These are not exceptional circumstances – they are an explanation of difficulties commonly encountered by many *pro se* litigants.

---

[1] The Court notes that plaintiff provides no detail regarding alleged limitations on his access to the law library. A prisoner's law library access may be limited to some extent due to security concerns in the prison environment. This conclusory assertion does not demonstrate exceptional circumstances warranting appointment of counsel. As noted below, however, the Court will allow plaintiff additional time to respond to defendants' motion for summary judgment.

ORDER DENYING MOTION TO APPOINT COUNSEL
AND RE-NOTING MOTION FOR SUMMARY
JUDGMENT - 2

Plaintiff asserts his case is complex but offers no explanation or support for this claim. Plaintiff's complaint raises claims related to alleged deliberate indifference by defendants to his serious medical need in violation of the Eighth Amendment as well as related state law negligence claims. These claims do not appear to involve particularly complex issues of either fact or law.

Up to this point plaintiff has articulated his claims with sufficient clarity for the Court to order service of the complaint. Plaintiff has not demonstrated an inability to articulate his claims *pro se* nor has he shown that he is likely to succeed on the merits of his claims. Plaintiff's motion for appointment of counsel (Dkt. 30), therefore, is **DENIED without prejudice**.

Because plaintiff asserts he has limited library access and in order to ensure plaintiff has a sufficient opportunity to respond to defendants' motion for summary judgment, the Court will allow plaintiff additional time to file a response. Accordingly, plaintiff is directed to file any response to defendants' motion for summary judgment on or before **October 26, 2020**. Defendants may file a reply on or before **October 30, 2020**. The Clerk is directed to re-note defendants' motion for summary judgment (Dkt. 25) to **October 30, 2020**.

Dated this 2nd day of October, 2020.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT COUNSEL
AND RE-NOTING MOTION FOR SUMMARY
JUDGMENT - 3