UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN A RICHARDSON III,

           Plaintiff,

   v.

MARGARET GILBERT,

           Defendants.

Case No. C19-5525 BHS-TLF

ORDER DENYING MOTION FOR RECONSIDERATION OF MOTION FOR APPOINTMENT OF COUNSEL

This matter comes before the Court on plaintiff's motion for reconsideration (Dkt. 36) of plaintiff's motion for appointment of counsel (Dkt. 30). Plaintiff is proceeding in this action *pro se and in forma pauperis*. The Court construes plaintiff's motion as a renewed motion for appointment of counsel.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

Plaintiff asserts that his situation has changed since the Court's order denying plaintiff's motion to appoint counsel (Dkt. 33) to constitute exceptional circumstances

ORDER DENYING MOTION FOR RECONSIDERATION
OF MOTION FOR APPOINTMENT OF COUNSEL - 1

1  justifying appointment of counsel. Plaintiff asserts that as of October 1, 2020, library
2  policies at Washington State Penitentiary have changed to limit clearance for individual
3  litigants, including plaintiff, to access the law library no more than a couple days a
4  month. Dkt. 37 at 1. Plaintiff professes to have insufficient medical knowledge to
5  address the evidence submitted by defendants in their motion for summary judgment,
6  including plaintiff's treatment records. *Id.* at 2. He asserts that he is unable to respond to
7  the defendants' motion without assistance with both legal and medical expertise. *Id.*
8  Plaintiff asserts that the regular library at the penitentiary is closed indefinitely due to the
9  COVID-19 pandemic, and he is an indigent litigant with a tenth-grade education and
10 without internet. *Id.* at 3. Plaintiff requests that the court consider his lack of formal
11 training and education fundamentally detrimental to his ability to litigate his case. *Id.*

12     The Court does not find these to be exceptional circumstances calling for
13 appointment of counsel in plaintiff's case. Defendants' motion for summary judgment
14 (Dkt. 25), presently before the Court, refers to plaintiff's treatment records to argue that
15 plaintiff does not have a sufficient factual basis to bring his claims. Plaintiff asserts that
16 he lacks the ability articulate his claims *pro se* "in light of the complexity of the legal
17 issues involved." Dkt. 36; *see Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

18     Yet the mere inclusion of records of plaintiff's treatment raise factual, not legal
19 concerns, and it does not complicate this case beyond the point that a typical *pro se*
20 litigant could argue. Regarding plaintiff's treatment, plaintiff has clearly pled factual
21 allegations of defendants' misconduct in his complaint. A litigant's less-than-perfect
22 medical knowledge is not sufficient basis for appointment of legal counsel. Plaintiff has
23 not shown that he fails to grasp the contours of his own case or that he cannot articulate

24
25

ORDER DENYING MOTION FOR RECONSIDERATION
OF MOTION FOR APPOINTMENT OF COUNSEL - 2

the facts on which he relies to make his claims. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Likewise, plaintiff's lack of higher education or internet access are insufficient to require appointment of counsel. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (noting that contended exceptional factors were "difficulties which any litigant would have in proceeding pro se").

Thus, plaintiff has not demonstrated that he is unable to present his claims to this Court without counsel or to show that exceptional circumstances require the Court to appoint counsel at this stage. *See generally, Mallard v. U.S. Dist. Court for Southern dist. of Iowa,* 490 U.S. 296, 310 (1989) (28 U.S.C. § 1915 does not allow a federal court to coercively appoint counsel); *James v. Eli,* 889 F.3d 320, 330-331 (7th Cir. 2018) (*en banc*) (district courts may ask, but not compel, a lawyer to represent an indigent litigant).

The Court DENIES the motion for reconsideration (Dkt. 36). Plaintiff will be allowed to renew his motion to appoint counsel if, later in the proceedings, exceptional circumstances would require appointment of counsel.

Dated this 28th day of October, 2020.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING MOTION FOR RECONSIDERATION
OF MOTION FOR APPOINTMENT OF COUNSEL - 3