UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

John A Richardson, III,

                Plaintiff,

v.

Margaret Gilbert, *et al.*,

                Defendants.

Case No. 3:19-cv-05525-BHS-TLF

ORDER

This matter comes before the Court on plaintiff's request for permission to correspond with other inmates for discovery purposes (Dkt. 48) and plaintiff's request to defer consideration of defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56(d) (Dkt. 47). The Court also construes plaintiff's arguments as a request to extend the deadline for completing discovery in this case.

**A.   Request to Contact Inmates**

Plaintiff notes that prison regulations prohibit correspondence with other inmates, but he wishes to contact several fellow inmates he believes are witnesses who could provide declarations supporting his case. Dkt. 48 at 1. Plaintiff seeks this Court's order permitting such correspondence. *Id*.

Defendants oppose plaintiff's request, noting that prison regulations govern such contacts and establish a procedure specifically applicable to situations like that faced by plaintiff here. Dkt. 49 at 2; Dkt. 50-1; Dkt. 50-2. Plaintiff has not made any requests pursuant to this process. Dkt. 50 at 2.

ORDER - 1

The Court directs that plaintiff follow the specific process used by the Department of Corrections ("DOC") to accomplish the request. A prisoner seeking such communication may request permission to correspond by submitting a specified form and following the process contained in Policy 450.100. *Id*; *see also* Dkt. 50-2. Accordingly, the Court DENIES plaintiff's motion.

**B.     Discovery Cutoff**

The Court recognizes that following the process of DOC Policy 450.100 will require additional time, as will other discovery that plaintiff proposes to conduct. Plaintiff's response to defendant's pending motion for summary judgment requests additional time to obtain declarations and discovery pursuant to Fed. R. Civ. P. 56(d). Dkt. 47. The Court construes this request as seeking, in addition to a continuance of the pending summary judgment motion, an extension of the discovery cutoff in this case.

Defendants argue that the discovery cutoff has long since passed, with no discovery whatever sought by plaintiff within the deadline. Dkt. 49 at 2–3; Dkt. 51 at 2. Indeed, on February 21, 2020, this Court entered the scheduling order in this case which provided that all discovery must be complete by June 23, 2020. Dkt. 23. That order was issued before the events of the COVID-19 global pandemic became such a difficulty for parties who are pursuing litigation, and is a particularly difficult situation for litigants who are incarcerated.

The Court nevertheless is concerned that plaintiff submitted no discovery requests during that time and did not seek any extension of time before the deadline. Dkt. 51 at 2. *See* LCR 7 (j) ("A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline.") Under ordinary circumstances, it could be concluded that plaintiff had acted in a dilatory manner; a *pro*

ORDER - 2

*se* plaintiff must comply with court rules and deadlines just as any other party would be expected to follow the court rules. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012).[1]

But these are not ordinary times. The Court's scheduling order was entered in February 2020, just before the COVID-19 pandemic led to extraordinary shutdowns and—in the prisons—lockdowns, library closures and quarantines. As plaintiff notes, he was himself infected with the virus and quarantined. Dkt. 52 at 3. The deadline fell in June 2020, while those circumstances continued to prevail. Indeed, recognizing these conditions, the Court has continued to grant plaintiff's requests to continue the deadline for his summary judgment response—which defendants have not opposed. Dkts. 33, 39, 46. The Court finds that under these circumstances, an extension of the discovery deadline is appropriate. *See Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) ("District courts have 'broad discretion to manage discovery and to control the course of litigation.'")

**C.   Rule 56(d) Continuance**

Plaintiff has filed a request that the Court defer ruling on defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56(d), together with a declaration setting forth facts he believes will be shown by the discovery he seeks. Dkt. 47.

Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or

---

[1] Plaintiff's Reply asserts that he was not informed of "a timeline or due date for discovery." Dkt. 52 at 3. Plaintiff overlooks the Court's order dated February 21, 2020; the discovery deadlines were clearly set forth in this Court's Pretrial Scheduling Order. Dkt. 23.

ORDER - 3

declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In order to prevail under Rule 56(d), the party opposing summary judgment must make "'(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox,* 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir. 1986)). The Ninth Circuit has held a Rule 56(d) continuance "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation,* 323 F.3d 767, 773–74 (9th Cir. 2003) (internal quotation marks and citations omitted).

The Court finds that an extension of time to permit additional discovery is warranted. The Court GRANTS plaintiff's request for a continuance of the pending summary judgment motion. The Court recognizes that the COVID-19 pandemic continues to be a serious public health crisis in Western Washington and has caused many litigation complications and delays. Plaintiff has identified discovery he seeks and potential witnesses from whom he seeks to obtain discovery. Dkts. 47, 48. While his failure to conduct discovery to date might under ordinary circumstances indicate a lack of diligence, as discussed above the circumstances here are not ordinary.

D.   **Conclusion**

The Court ORDERS:

(1) Plaintiff's motion for permission to correspond with other inmates for discovery purposes (Dkt. 48) is DENIED; plaintiff is directed to request permission through the process provided in DOC Policy 450.100;

(2) The deadline for the completion of discovery in this matter is extended to August 23, 2021; all discovery must be served such that responses are due within this deadline, as described in the Court's original scheduling order (Dkt. 23); any motion to compel—which must likewise comply with the requirements in the Court's original scheduling order—shall be filed no later than September 6, 2021; and

(3) Plaintiff's request to defer consideration of defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56(d) (Dkt. 47) is GRANTED. The Clerk of the Court is directed to strike the noting date of the pending motion for summary judgment (Dkt. 25).

    (a) The new deadline for dispositive motions is September 30, 2021.

    (b) On or before September 30, 2021, the parties may file and serve any motion for summary judgment. Because the defendants have already filed such a motion, they have the option to file supplemental briefing and materials (or, they may withdraw their motion and file and serve a new motion), in accordance with LCR 7(d)(3), and re-note a motion for summary judgment.

    (c) All requirements for briefing on summary judgment or cross-motion for summary judgment shall be in accordance with FRCP 5, 6, 7, 56, and the Local Rules of the United States District Court for the Western District of Washington (LCR).

Dated this 23rd day of April, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER - 5