UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN A RICHARDSON III,

         Plaintiff,

v.

MARGARET GILBERT, THERESA HILLIARD, SHANE EVANS, INDIVIDUAL MEDICAL STAFF, SCOTT M LIGHT, JANE AND JOHN DOES 1-6,

         Defendants.

Case No. C19-5525 BHS-TLF

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This matter comes before the Court on plaintiff's motion to appoint counsel. Dkt. 62. For the reasons discussed below, plaintiff's request is denied without prejudice.

A plaintiff has no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved", to make an assessment whether exceptional circumstances

ORDER DENYING MOTION FOR APPOINTMENT OF
COUNSEL - 1

show that counsel should be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff argues only that he is indigent and that he has attempted, without success, to retain counsel. Dkt. 62 at 2. Plaintiff has not identified conditions that render this case extraordinary or set his circumstances apart from those of any other incarcerated litigant. Furthermore, plaintiff has demonstrated that he has a sufficient grasp of the legal issues involved in this case and has adequately articulated the basis of his claim, as his complaint was sufficiently presented to pass this Court's screening and to be served upon defendant. Dkt. 15.

This case does not, at this time, present the extraordinary circumstances required for the appointment of counsel. *See Wilborn*, 789 F.2d at 1331. The Court therefore DENIES plaintiff's motion for appointment of counsel without prejudice.

Dated this 5th day of January, 2022.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING MOTION FOR APPOINTMENT OF
COUNSEL - 2