1

2

3

4

5

6

7                     UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                              AT TACOMA

8    JOHN A. RICHARDSON III,                    CASE NO. C19-5525 BHS

                             Plaintiff,          ORDER DENYING PLAINTIFF'S
9         v.                                     MOTION FOR EXTENSION OF
                                                 TIME AND ADOPTING REPORT
10   MARGARET GILBERT, et al.,                   AND RECOMMENDATION

11                           Defendants.

12

13         This matter comes before the Court on the Report and Recommendation ("R&R")

14   of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 72, and

15   Plaintiff John Richardson III's motion for extension of time, Dkt. 73, and objections to

16   the R&R, Dkt. 74.

17         Richardson, proceeding pro se and *in forma pauperis*, commenced this action in

18   June 2019, Dkt. 1, asserting claims arising out of the medical treatment he received for

19   his diabetes while incarcerated at Stafford Creek Corrections Center ("SCCC"), *see* Dkt.

20   14. Richardson alleged that Defendants Scott Light, a SCCC Physician Assistant, Theresa

21   Hilliard, a SCCC Health Services Quality Improvement Program Administrator, and

22   Margaret Gilbert, the SCCC Superintendent, were deliberately indifferent to his serious

1  medical needs in violation of the Eighth Amendment and that Defendants engaged in

2  medical negligence. *See id.*; Dkt. 25 at 1–5.

3       In July 2020, Defendants moved for summary judgment. Dkt. 25. After several

4  continuances due to the COVID-19 pandemic, *see, e.g.*, Dkt. 53, the Court set a deadline

5  of March 21, 2022 for Richardson to response to the motion for summary judgment,

6  Dkts. 65, 68. On March 18, 2022, Richardson moved for an extension of time, Dkt. 69,

7  which the Court denied, Dkt. 70. Richardson did not otherwise respond, and on March

8  30, 2022, Judge Fricke issued the instant R&R recommending that the Court grant the

9  unopposed motion for summary judgment. Dkt. 72. The R&R concluded that Richardson

10  failed to establish Defendants Hilliard's and Gilbert's personal participation in the

11  alleged Eighth Amendment violations, that he failed to establish that Defendant Light

12  was deliberately indifferent to his medical needs, and that he failed to present evidence

13  on how Defendants rendered or failed to provide medical care in a manner falling below

14  a defined standard of care. *Id.* The R&R recommends that Richardson's *in forma*

15  *pauperis* status be continued for the purposes of appeal. *Id.* at 16.

16       In response, Richardson filed another motion for extension of time to file a

17  response to Defendants' motion for summary judgment, Dkt. 73, objections to the R&R,

18  Dkt. 74, and a surreply, Dkt. 75. Defendants oppose the extension of time and urge the

19  Court to adopt the R&R. Dkt. 76.

20       The district judge must determine de novo any part of the magistrate judge's

21  disposition that has been properly objected to. The district judge may accept, reject, or

22

1    modify the recommended disposition; receive further evidence; or return the matter to the

2    magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

3          Preliminarily, the Court will not grant Richardson an extension of time. The Court

4    acknowledges that the COVID-19 pandemic and related lockdowns at Richardson's

5    facility has made litigating this case challenging. But Richardson has had more than

6    ample time to respond to Defendants' motion for summary judgment, which was

7    originally filed in July 2020. The Court has granted him several extensions of time,

8    taking into consideration the COVID-19 related difficulties, and Richardson failed to

9    timely respond. *See* Dkt. 70. Richardson's motion for extension of time, Dkt. 73, is

10    therefore DENIED.

11          Richardson's objections also do not alter the outcome here. A proper objection

12    requires specific written objections to the findings and recommendations in the R&R.

13    *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). First,

14    Richardson does not object to the R&R's conclusion and recommendation about his

15    medical negligence claim. *See* Dkt. 74. Additionally, Richardson's argument regarding

16    Hilliard's and Gilbert's personal participation in the alleged Eighth Amendment

17    violations is not a proper objection to trigger de novo review. *See id.* at 6. Finally,

18    Richardson's arguments about his Eighth Amendment violation mirrors the allegations in

19    his complaint, *compare* Dkt. 14 *with* Dkt. 74 at 8, which the R&R considered, *see* Dkt. 72

20    at 12–13. The Court agrees that, at best, Richardson disagrees with how he was medically

21    treated for his chest pain symptoms, which is insufficient to maintain a claim for

22    deliberate indifference under the Eighth Amendment.

1    The Court having considered the R&R, Plaintiff's objections, and the remaining

2  record, does hereby find and order as follows:

3    (1)    Plaintiff's motion for extension of time, Dkt. 73, is **DENIED**;

4    (2)    The R&R is **ADOPTED**;

5    (3)    Defendants' motion for summary judgment, Dkt. 25, is **GRANTED**;

6    (4)    Plaintiff's claims are **DISMISSED with prejudice**;

7    (5)    Plaintiff's *in forma pauperis* status shall be **MAINTAINED** for purposes

8           of appeal; and

9    (6)    The Clerk shall enter a JUDGMENT and close the case.

10   Dated this 17th day of May, 2022.

BENJAMIN H. SETTLE
United States District Judge